**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0005-18T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

IRONE WATFORD, a/k/a TYRONE
WATFORD, and IRONE WETFORD,

 Defendant-Appellant.

_____

   Submitted September 9, 2019 – Decided September 16, 2019

   Before Judges Geiger and Natali.

   On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 94-06-0904.

   Irone Watford, appellant pro se.

   Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Irone Watford appeals from a Criminal Part order denying his motion to correct an illegal sentence. We affirm.

We briefly recount the lengthy procedural history of this case. Arising out of a November 4, 1993 incident in Jersey City, defendant was charged in a ten-count indictment with armed robbery, N.J.S.A. 2C:15-1; robbery, N.J.S.A. 2C:15-1; carjacking, N.J.S.A. 2C:15-2; kidnapping, 2C:13-1(b); aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3); aggravated sexual assault, N.J.S.A. 2C:14-2(a)(4); sexual assault, N.J.S.A. 2C:14-2(c)(1); criminal sexual contact, N.J.S.A. 2C:14-3(b); possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). Defendant was convicted of all ten counts following a jury trial in 1997.

Defendant was over the age of twenty-one when he committed the crimes in 1993. He had previously been convicted of second-degree robbery in 1988 and third-degree distribution of a controlled dangerous substance (CDS) within 1000 feet of school property in 1991. He was over the age of eighteen when he committed the prior crimes. The State moved to sentence defendant to an extended term as a persistent offender pursuant to N.J.S.A. 2C:43-7 and N.J.S.A. 2C:44-3(a). The trial court granted the motion. The court found defendant met

2

the statutory definition of a persistent offender and was eligible for discretionary extended sentencing.

On September 22, 1997, after appropriate mergers of several counts, defendant was sentenced to an aggregate term of life plus eighty years imprisonment with a sixty-year parole disqualifier.[1] He was also sentenced to community supervision for life.

We affirmed defendant's conviction and sentence on direct appeal. State v. Watford, No. A-1544-97 (App. Div. Mar. 31, 2000). The Supreme Court denied certification. State v. Watford, 165 N.J. 487 (2000).

In 2000, defendant filed his first petition for post-conviction relief (PCR), which was denied in January 2002. We affirmed the denial. State v. Watford, No. A-3753-01 (App. Div. June 16, 2003). The Supreme Court denied certification. State v. Watford, 178 N.J. 34 (2003).

---

[1] For the first-degree aggravated sexual assault, defendant was sentenced to life imprisonment subject to parole ineligibility for twenty-five years. For the first-degree kidnapping, defendant was sentenced to a term of thirty years subject to parole ineligibility for fifteen years. For the first-degree carjacking, defendant was sentenced to a term of thirty years subject to parole ineligibility for ten years. For first-degree armed robbery, defendant was sentenced to a term of twenty years subject to parole ineligibility for ten years. The sentences ran consecutively. Each of the extended sentences were within the ranges set by N.J.S.A. 2C:43-7.

In April 2009, defendant filed his second PCR petition, also styled as a motion to correct an illegal sentence, which was denied in May 2009, and again in July 2009, without an evidentiary hearing. We affirmed the denial. State v. Watford, No. A-5737-08 (App. Div. May 5, 2010). The Supreme Court denied certification. State v. Watford, 205 N.J. 15 (2010).

In June 2012, defendant filed his third PCR petition. The trial court found no "good cause" to justify appointment of counsel "because this matter is procedurally barred under [Rule] 3:22-4" and alleged no "substantial issue of fact or law," and dismissed the petition. We affirmed the dismissal. State v. Watford, No. A-2219-12 (App. Div. Feb. 19, 2014). The Supreme Court denied certification. State v. Watford, 219 N.J. 629 (2014).

Defendant filed a motion to correct an illegal sentence in September 2015. We affirmed the denial of the motion on a sentencing calendar pursuant to Rule 2:9-11, substantially for the reasons set forth in the trial court's January 29, 2016 oral decision. State v. Watford, No. A-3561-15 (App. Div. Aug. 2, 2016). The Supreme Court denied certification. State v. Watford, 229 N.J. 8 (2017).

Defendant did not confine his attempts to overturn his conviction and sentence to proceedings in State court. He also filed two habeas corpus petitions in the United States District Court for the District of New Jersey. Both habeas

4

petitions were denied. <u>Watford v. Bartkowski</u>, Civ. Action No. 11-0319 (SDW) (D.N.J. July 14, 2011), <u>certificate of appealability denied</u>, C.A. No. 11–3082 (3d Cir. Oct. 3, 2011); <u>Watford v. Hendricks</u>, Civ. Action No. 04-1388 (SDW) (D.N.J. Apr. 27, 2007), <u>certificate of appealability denied</u>, C.A. No. 07–3203 (3d Cir. Mar. 10, 2008). The United States Supreme Court denied certiorari. <u>Watford v. Warren</u>, 566 U.S. 909 (2012); <u>Watford v. Ricci</u>, 556 U.S. 1171 (2009).

On April 6, 2017, defendant filed a second motion to correct an illegal sentence based on a challenge to the constitutionality of the persistent offender sentencing statute, N.J.S.A. 2C:44-3, which was denied on June 15, 2018. Defendant claimed the statute was unconstitutionally vague and deprived him of his right to due process and equal protection of the laws. This appeal followed.

Defendant argues:

> THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION CHALLENGING THE CONSTITUTIONALITY OF SUBSECTION (a) OF N.J.S.A. 2C:44-3 SINCE BOTH (N.J.S.A. 2C:43-7 AND 2C:44-3(a)) ARE CLEARLY UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED THE STATUTES VIOLATES THE CONSTITUTIONAL DUE PROCESS AND EQUAL PROTECTION RIGHTS OF A DEFENDANT.

5

Whether defendant's sentence is illegal or unconstitutional is "an issue of law subject to de novo review." State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016) (citing State v. Pomianek, 221 N.J. 66, 80 (2015)).

Although defendant's motion was filed more than nineteen years after he was sentenced, it is not time barred. The law imposes no time limit on a challenge to an illegal or unconstitutional sentence. State v. Acevedo, 205 N.J. 40, 47 n.4 (2011); R. 3:21-10(b)(5); R. 3:22-12. "A motion may be filed and an order may be entered at any time" to correct an illegal sentence. R. 3:21-10(b)(5); see State v. Schubert, 212 N.J. 295, 309 (2012).

We first consider whether N.J.S.A. 2C:44-3(a) is facially vague. Criminal statutes that are impermissibly vague are unconstitutional.

> Clear and comprehensible legislation is a fundamental prerequisite of due process of law, especially where criminal responsibility is involved. Vague laws are unconstitutional . . . because unclear or incomprehensible legislation places both citizens and law enforcement officials in an untenable position. Vague laws deprive citizens of adequate notice of proscribed conduct, and fail to provide officials with guidelines sufficient to prevent arbitrary and erratic enforcement.
>
> [State v. Afanador, 134 N.J. 162, 170 (1993) (emphasis added) (quoting Town Tobacconist v. Kimmelman, 94 N.J. 85, 118 (1983)).]

"A law is void as a matter of due process if it is so vague that persons 'of common intelligence must necessarily guess at it meaning and differ as to its application.'" Town Tobacconist, 94 N.J. at 118 (quoting Connally v. Gen. Constr. Co., 269 U.S. 385, 391 (1926)). Thus, a criminal statute is unconstitutionally vague and violates due process if it fails "to provide notice and warning to an individual that his or her conduct could subject that individual to criminal or quasi-criminal prosecution." State v. Hoffman, 149 N.J. 564, 581 (1997) (citing Screws v. United States, 325 U.S. 91, 101-02 (1945)).

Pursuant to N.J.S.A. 2C:44-3, "[t]he court may, upon application of the prosecuting attorney, sentence a person who has been convicted of a crime of the first, second or third degree to an extended term" if the person is found to be a persistent offender as defined by N.J.S.A. 2C:44-3(a). The statute provides the following definition of a persistent offender:

> A persistent offender is a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.
>
> [N.J.S.A. 2C:44-3(a).]

The trial court correctly concluded defendant satisfied those criteria and was eligible for sentencing to extended terms. The sentencing ranges for extended terms are set forth in N.J.S.A. 2C:43-7.

We find no merit in defendant's argument that N.J.S.A. 2C:44-3(a) is facially vague. The statute is neither unclear nor incomprehensible. The statute clearly and unambiguously defines the term "persistent offender." It provides citizens with adequate notice and warning that his or her conduct could subject them to the extended sentencing implications for persistent offenders. Persons of common intelligence would not guess at its meaning or differ as to its application. The statute also provides officials with guidelines to prevent arbitrary and erratic enforcement. Put simply, the statute is not unconstitutionally vague.

We next address defendant's claim that only violent crimes should be considered by a sentencing court when evaluating a defendant's persistent offender status. We disagree. Nothing in the plain language of the statute or its legislative history supports that claim. On the contrary, persistent offender status can be based on convictions of any crimes of the first, second, or third degree if they occurred within the statute's time and age limitations. Had the

A-0005-18T3

Legislature intended to limit sentencing as a persistent offender to only violent criminals it would have so stated. It did not.[2]

Indeed, the original proposed version of the Criminal Code required the court to find "an extended term is necessary for the protection of the public," "[t]he reference to 'protection of the public' was not included in the final version of the statute." State v. Pierce, 188 N.J. 155, 164 (2006). The Court overturned the requirement that the sentencing court find the defendant's commitment for a discretionary extended term is necessary for the protection of the public imposed by State v. Dunbar, 108 N.J. 80, 90-91 (1987) and reaffirmed by State v. Pennington, 154 N.J. 344 (1998). Pierce, 188 N.J. at 158, 169-70.

Defendant misconstrues the two-step process undertaken by a sentencing court when considering an application for an extended sentence. The sentencing court must first undertake an objective examination of the defendant's prior record of conviction and age at the time of those convictions, to determine whether it renders him or her statutorily eligible for extended-term sentencing.

---

[2] In contrast, the so-called Three Strikes Law, N.J.S.A. 2C:43-7.1(a), requires two predicate convictions for any of the following violent offenses: murder, aggravated manslaughter, first-degree kidnapping, armed or violent sexual assault, robbery, or carjacking.

A-0005-18T3

Id. at 162, 168-69.[3] Analysis of the nature of a defendant's prior convictions, including whether they were for violent offenses, "must be regarded as, separate and distinct from the court's determination" of statutory eligibility for an extended sentence, and is undertaken after eligibility is determined. Id. at 168. Determination of eligibility for extended term sentencing does not involve assessing whether the defendant presents a risk to the public because his prior crimes were for violent offenses. "Consideration of the protection of the public takes place during [the second] phase of the sentencing process," when the court assesses "the aggravating and mitigating factors, including the deterrent need to protect the public," and determines the appropriate term within the extended term range. Ibid.

In sum, N.J.S.A. 2C:43-7 and N.J.S.A. 2C:44-3(a) are not impermissibly vague or unconstitutional as applied. Defendant was not deprived of his right to due process or equal protection of the laws under either the United States Constitution or the New Jersey Constitution.

---

[3] Similarly, determination of whether a defendant meets the requirements for a mandatory enhanced-term sentence is also "based on an objective determination—the existence of prior convictions." State v. Thomas, 188 N.J. 137, 151 (2006).

To the extent we have not addressed defendant's remaining arguments they are without sufficient merit to warrant further discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0005-18T3